OPINION
{¶ 1} Appellant, Bryan Bays, appeals the decision of the Warren County Court of Common Pleas, Juvenile Division, finding him delinquent for committing attempted burglary. We affirm the juvenile court's decision.
 {¶ 2} On August 16, 2002, the state filed a complaint against appellant in the juvenile court. The complaint alleged that appellant was delinquent for having committed attempted burglary in violation of R.C. 2923.02 and R.C. 2911.12. The alleged conduct occurred on August 15, 2002, when a witness observed appellant attempting to break into a private residence. Appellant confessed his guilt to a Warren County sheriff's deputy investigating the incident.
 {¶ 3} After an adjudication hearing in December 2002, the juvenile court found that appellant was a delinquent child due to his commission of attempted burglary. The court ordered that appellant be committed to the custody of the Ohio Department of Youth Services for a minimum time period of six months and a maximum time period not to exceed appellant's 21st birthday. Appellant now appeals the juvenile court's decision, assigning two errors.
 {¶ 4} Assignment of Error No. 1:
 {¶ 5} "The Trial Court erred to the prejudice of appellant when it admitted appellant's confession before the state established the corpus delecti of the crime."
 {¶ 6} In this assignment of error, appellant argues that the corpus delicti rule should have prevented the juvenile court from admitting testimony at the adjudication hearing regarding his confession. Appellant argues that because the state did not present evidence of the "body or substance" of the crime before testimony regarding his confession was given, the testimony regarding his confession should have been deemed inadmissible.
 {¶ 7} It is well-established that the admission or exclusion of evidence rests within the sound discretion of the trial court.State v. Robb, 88 Ohio St.3d 59, 68, 2000-Ohio-275. Absent an abuse of discretion, an appellate court will not disturb a ruling by a trial court as to the admissibility of evidence. State v.Martin (1985), 19 Ohio St.3d 122, 129.
 {¶ 8} The corpus delicti rule was articulated in State v.Maranda (1916), 94 Ohio St. 364, syllabus, as follows:
 {¶ 9} "By the `corpus delicti' of a crime is meant the body or substance of the crime, included in which are usually two elements: (1) The act; (2) the criminal agency of the act. It has long been established as a general rule in Ohio that there must be some evidence outside of a confession, tending to establish the corpus delicti, before such confession is admissible. The quantum or weight of such outside or extraneous evidence is not of itself to be equal to proof beyond a reasonable doubt, nor even enough to make it a prima facie case. It is sufficient if there is some evidence outside of the confession that tends to prove some material element of the crime charged."
 {¶ 10} The burden upon the state to provide some evidence of the corpus delicti is minimal. See State v. Van Hook (1988),39 Ohio St.3d 256, 261-262. The state need not provide direct and positive proof that a crime was committed. State v. Ledford
(Jan. 24, 2000), Clinton App. No. CA99-05-014. Additionally, the state may rely upon circumstantial evidence in proving the corpus delicti. State v. Nobles (1995), 106 Ohio App.3d 246, 262.
 {¶ 11} Although the corpus delicti rule has ancient origins, the practicality of the rule has come into serious question in light of modern procedural safeguards. Ledford, Clinton App. No. CA99-05-014. The Ohio Supreme Court has stated that it "sees little reason to apply the rule with dogmatic vengeance." Statev. Edwards (1976), 49 Ohio St.2d 31, 36. The court also stated that the corpus delicti rule is "supported by few practical or social-policy considerations." Id.
 {¶ 12} Warren County Sheriff's Deputy Cresap was the state's first witness at the adjudication hearing. Deputy Cresap testified that on August 15, 2002, he responded to a call indicating that someone was attempting to break into a private residence. Upon arrival at the residence, Deputy Cresap observed a group of juveniles standing adjacent to the residence. When the juveniles saw him, they ran across the street into a nearby house. After a woman permitted him to enter the house, Deputy Cresap testified that he questioned the group of juveniles. According to Deputy Cresap, he then informed the juveniles about a call from an eyewitness indicating that someone was attempting to break into a nearby residence. When Deputy Cresap stated that he was going to speak to the eyewitness, one of the juveniles confessed that he had attempted to break into the residence. After the juvenile court overruled appellant's corpus delicti objection, Deputy Cresap testified that it was appellant who confessed to the crime.
 {¶ 13} We find no error in the admission of Deputy Cresap's testimony. We see little reason to strictly apply the corpus delicti rule in this case, where the state presented strong evidence of guilt independent of appellant's confession. Specifically, the state presented the testimony of Kelly Adkins, a woman who lived across the street from the residence, who testified that she saw appellant attempting to break into the residence. Adkins' testimony immediately followed the testimony of Deputy Cresap. Further, like the juvenile court, we see no prejudice to appellant due to the admission of Deputy Cresap's testimony. We cannot see how the order in which the state called Adkins and Deputy Cresap had any effect on a substantial right of appellant or the outcome of the case.
 {¶ 14} Accordingly, we find that the admission at the adjudication hearing of testimony regarding appellant's confession was not error. Therefore, appellant's first assignment of error is overruled.
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "The trial court's decision was against the manifest weight of the evidence."
 {¶ 17} In this assignment of error, appellant argues that the juvenile court's decision finding him delinquent due to his commission of attempted burglary was against the manifest weight of the evidence. Appellant argues that, without his confession, there was no competent, credible evidence supporting his conviction.
 {¶ 18} When reviewing a manifest weight of the evidence claim, an appellate court must examine the evidence presented, including all reasonable inferences that can be drawn from it, and consider the credibility of the witnesses, to determine whether in resolving conflicts in the evidence, the finder of fact clearly lost its way and created such a manifest miscarriage of justice that the decision must be reversed and a new trial ordered. State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. It must be remembered that the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass
(1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 19} The juvenile court found that appellant was delinquent for committing attempted burglary in violation of R.C. 2923.02(A) and R.C. 2911.12(A)(2). Accordingly, the juvenile court found that appellant attempted to "trespass in an occupied structure * * * that is a permanent or temporary habitation of any person * * * with purpose to commit in the habitation any criminal offense." R.C. 2911.12(A)(2).
 {¶ 20} At trial, three witnesses testified for the state: Deputy Cresap, Kelly Adkins, and Boto Carroll. Deputy Cresap testified that appellant confessed to him at the scene that he had attempted to break into the residence. Adkins, who lived across the street from the residence, testified that she saw appellant attempting to break into the residence. According to Adkins, appellant was wearing a black shirt and black pants at the time. Carroll, who lived at the residence but was not home at the time of the incident, testified that he had not given appellant permission to enter his residence.
 {¶ 21} Three witnesses testified for the defense: appellant and two other juveniles who were at the scene. Appellant testified that he did not commit the crime, but confessed to Deputy Cresap in order to protect the real culprits. He testified that he was wearing black shorts and a gray shirt on the night in question. Kyle Driscoll, one of the juveniles at the scene, testified that he was wearing a black shirt and black pants on the night in question. Heather Curfman, another juvenile, testified that appellant was with her in another house when the incident took place. She also testified that Driscoll was wearing a black shirt and black pants.
 {¶ 22} We find that the juvenile court did not clearly lose its way and create a manifest miscarriage of justice when it found appellant delinquent due to his commission of attempted burglary. Appellant's confession and Adkins' eyewitness testimony weighed heavily against appellant's own testimony and the testimony of the other juveniles. Even without appellant's confession, Adkins' eyewitness testimony was competent, credible evidence of appellant's guilt. Additionally, we note that the juvenile court was in the best position to determine the credibility of the witnesses and to resolve factual conflicts. It is apparent that the court chose to believe the account of Adkins and not appellant's version of events. We find no reason to upset that determination. Accordingly, the juvenile court's decision was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
 {¶ 23} Judgment affirmed.
Valen, P.J., and Young, J., concur.